## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **WELLPATH HOLDINGS, INC.,** et al., | § | **Lead Case No.** 24-90533 (ARP) |
| | § | **Case No.** 24-90556 |
| *Debtors.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

### PLAINTIFF KYSE MONK, A MINOR, THROUGH A GUARDIAN KANDI STEWART'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE PENDING PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AGAINST THE DEBTOR TO PROCEED

This is a motion for relief from the automatic stay.  If it is granted, the movant may act outside of the bankruptcy process.  If you do not want the stay lifted, immediately contact the moving party to settle.  If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing.   If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.

Represented parties should act through their attorney.

There will be a hearing on this matter on January 9, 2025, at 11:00 AM via video conference:  https://meet.goto.com/JudgePerez,  or  Telephonic  Participation:  832-917-1510, Conference Code: 282694

Plaintiff, KYSE MONK, a minor, through a guardian KANDI STEWART (hereinafter referred to as "Plaintiff" or "Minor"), hereby submits this Motion for Relief from the Automatic Stay to Allow the Pending Personal Injury and Wrongful Death Claims pursuant to 11 U.S.C. § 362(d) against the Debtor, WELLPATH CALIFORNIA FORENSIC MEDICAL GROUP, INC.[1] (hereinafter referred to as "Debtor"), to Proceed (hereinafter referred to as "Motion"), and respectfully shows the Honorable Court as follows:

## I.
### INTRODUCTION

This matter involves the Minor's request to continue the pre-petition personal injury action against the Debtor in the court where it has been filed.  The automatic stay, while critical protection for debtors, is not intended to indefinitely delay the resolution of pre-petition claims, especially when such claims are distinct from the administration of the bankruptcy estate and unlikely to prejudice its assets.  Here, Plaintiff has demonstrated that cause exists, as the continuation of the personal injury action will not harm the bankruptcy estate but is essential to protect Plaintiff's ability to seek accountability and damages for the significant harm suffered.   By granting this Motion, the Court will enable the continuation of litigation in the filing court, the appropriate venue for adjudicating the specialized claims at issue.  Furthermore, the equities in this matter weigh heavily in favor of the Minor, a vulnerable party whose interests would be severely prejudiced by further delay.

---

[1] Wellpath CFMG, Inc., Case No. 24-90556, and Tax I.D. No. 46-1363407.

## II.
### FACTUAL AND PROCEDURAL BACKGROUND

The Minor, born on February 3, 2007, is the biological son of Decedent Maurice Monk (hereinafter referred to as "Decedent") and is currently under the guardianship of his natural mother, KANDI STEWART.

On July 11, 2022, Nia' Amore Monk, acting individually and as the personal representative of the Decedent's Estate, filed a lawsuit against the Debtor and Alameda County (hereinafter referred to as "County") in the United States District Court for the Northern District of California (hereinafter referred to as "District Court").   On July 27, 2022, FAC was filed. The case is titled *Estate of Monk v. Alameda County, et al.*, Case No. 22-cv-04037-TSH (hereinafter referred to as the "Personal Injury Action").

On January 17, 2023, the Minor, as the biological child of the Decedent and a legal heir under the Decedent's Estate, filed a Motion to Intervene in the Personal Injury Action.   This Motion sought an order permitting the Minor to join the lawsuit as a Plaintiff, thereby allowing him to assert his own claims related to the wrongful death of the Decedent.   On February 12, 2023, the Minor filed a Complaint in Intervention against both the Debtor and the County alleging causes of action for Familial Loss under 42 U.S.C. Section 1983, Negligence & Wrongful Death and Violation of the Bane Act (Cal. Civ. Code § 52.1), thereby becoming a party to the Personal Injury Action.   The Debtor has been erroneously sued as WELLPATH COMMUNITY CARE, LLC in the Personal Injury Action.   A true and correct copy of the Complaint in Intervention is attached hereto as **Exhibit "A"** and is fully incorporated herein by reference.   On August 15, 2023, the parties attended the Mandatory Settlement Conference and engaged in substantive settlement discussions.   Following further negotiations, the Minor and the County reached a settlement agreement for $7,000,000.00.   On November 2, 2023, the District Court granted the

Plaintiff's Petition for Approval of the Proposed Settlement, allocating $3,500,000.00 to the Minor.

Despite the successful settlement with Alameda County, negotiations with the Debtor did not yield a similar resolution.   Efforts to settle with the Debtor were unsuccessful, and no agreement could be reached to satisfy the claims against the Debtor.   Consequently, the Personal Injury Action remains pending against the Debtor and must proceed to litigation in the District Court.

On November 11, 2024, the Debtor filed a voluntary Petition for Bankruptcy under Chapter 11 of the Bankruptcy Code.   On November 12, 2024, the Debtor filed its Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants.   On the same day, the Court ordered that "[t]he final hearing [] on the Motion shall be held on December 5, 2024, at 3:00 p.m. [].   Any objections or responses to entry of a Final Order on the Motion shall be filed and served on the Notice Parties and counsel to any statutory committees appointed in these Chapter 11 cases so as to be actually received on or before 4:00 p.m. [] on December 2, 2024.   The Debtors shall serve a copy of this Interim Order on the Notice Parties within five business days of the date hereof. In the event that no objections to the entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without the need for the Final Hearing."   "The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code."

This stay halts all ongoing litigation and collection activities against the Debtor, including the Personal Injury Action.   It poses significant impediments to the resolution of the Minor's claims, delaying the determination of liability and the liquidation of damages owed to the Minor.

### III.
### ARGUMENT & AUTHORITIES

**1. The Plaintiff Has Met the Legal Standard for Relief from the Automatic Stay.**

To proceed with the continuation of a pre-petition lawsuit against the Debtor, the Plaintiff is required to seek and obtain relief from the automatic stay.   "When a bankruptcy petition is filed, most judicial actions against the debtor commenced before the filing of the petition are automatically stayed. See 11 U.S.C. § 362(a)(1). The automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. According to section 362(d), the bankruptcy court may lift the stay "for cause." Because the Code provides no definition of what constitutes "cause," courts must determine when relief is appropriate on a case-by-case basis. [Citation omitted]. Bankruptcy judges have broad discretion in determining what constitutes sufficient cause to grant relief from stay under section 362(d)(1). [Citations omitted]." *Herlihy v. DBMP LLC*, No. 3:24-CV-00558-KDB, 2024 U.S. Dist. LEXIS 195633, at *4 (W.D.N.C. Oct. 28, 2024).   "The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or lack of any connection with or interference with the pending bankruptcy case." H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977). See also *In re Drexel Burnham Lambert Group, Inc.*, 113 Bankr. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) (citing various findings of § 362(d)(1) "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claim)." *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

"Bankruptcy courts have devised a three prong test to determine whether an automatic stay should be lifted to allow continuation of a pending lawsuit. See *In re Bock Laundry Machine Co.*, 37 BR 564, 566 (Bankr N D Ohio 1984). The first prong assesses whether any "great prejudice to

either the bankrupt estate or the debtor will result from the continuation of a civil suit." *Id*. The second prong is to determine whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor. The third prong requires the court to examine whether the creditor has a probability of success on the merits of his case. *Id*." *In re Martha Wash. Hosp.*, 157 B.R. 392, 395 (N.D. Ill. 1993).

"The Bankruptcy Code expressly addresses the issue of burden of proof in a section 362(d)(1) motion. The party requesting relief has the initial burden of going forward and, thus, is required to make a showing of cause in support of lifting the stay. . . . The party opposing relief has the burden of proof to show that it is entitled to continuation of the stay. Section 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property." 11 U.S.C. § 362(g)(1).[Citation omitted]." *In re 234-6 W. 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

Given the above standards, the Plaintiff has satisfied his burden of proof and established sufficient grounds for relief from the automatic stay under 11 U.S.C. § 362(d)(1).  First, continuing the pre-petition litigation will not result in significant prejudice to the Debtor or the bankruptcy estate.  The claims against the Debtor are likely subject to insurance coverage, which would shield the bankruptcy estate from financial liability.  On the other hand, maintaining the stay would impose undue hardship on the Minor, a vulnerable party, by delaying his ability to seek justice and closure.  Courts consistently recognize that lifting the stay to allow personal injury or wrongful death claims to proceed in an appropriate forum is both equitable and consistent with legislative intent.  Finally, the Minor has a reasonable probability of success on the merits. Therefore, granting relief from the automatic stay is justified and necessary.

**2. The Court Should Lift the Automatic Stay to Allow the Pending Personal Injury Action in the District Court.**

"The Bankruptcy Code gives the court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case. [Citation omitted]." *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).

Granting relief from the automatic stay to allow the continuation of the Personal Injury Action in the District Court will not prejudice the Debtor's bankruptcy estate. Courts frequently lift the automatic stay to permit litigation in another forum when doing so does not unduly burden the estate or jeopardize the interests of creditors. In *In re Holtkamp*, 669 F.2d 505 (7th Cir. 1982), the court determined that the order lifting the stay did not jeopardize the bankruptcy estate because defendant-appellant's insurance company assumed full financial responsibility for defending the suit. *Id* at 508-509. The interests of the judicial economy militated in favor of permitting the Personal Injury Action to go forward as it does not require the expertise of the bankruptcy court.

In this case, lifting the stay is justified because the continuation of the litigation will not materially impact the administration of the Debtor's bankruptcy estate for the following reasons:

**A. Determination of Liability in the Proper Forum.**

The Personal Injury Action is pending in the District Court, which has jurisdiction over the underlying claims and is the most appropriate forum for determining the liability of the Debtor. The claims against the Debtor under 42 U.S.C. § 1983 and California law require specialized legal and factual determinations related to constitutional and wrongful death claims.

"Under 28 U.S.C.S. §§ 157(b)(2)(B), (b)(2)(O), and (b)(5), only a district court can determine personal injury tort and wrongful death claims against a debtor -- a bankruptcy judge simply does not have jurisdiction to liquidate such claims. This is so notwithstanding the broad grant of jurisdiction to the bankruptcy courts under 28 U.S.C.S. §§ 1334 and 157 (b)(1) generally.

Congress simply concluded that personal injury tort (and wrongful death) claims were types of claims that the bankruptcy courts cannot hear and determine." *Mercado v. Fuchs (In re Fuchs)*, No. 05-36028-BJH-7, 2006 Bankr. LEXIS 4543, at *1 (Bankr. N.D. Tex. Jan. 26, 2006.)   "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. [Citation omitted]." *In re Martha Wash. Hosp., supra* at 395.

Allowing the Personal Injury Action to proceed in the District Court aligns with these jurisdictional directives.   The District Court is well-equipped to handle the procedural and substantive complexities of the case, ensuring a fair and efficient adjudication without requiring the bankruptcy court to address matters beyond its statutory purview.

### B.  Potential Insurance Coverage.

The claims asserted against the Debtor in the Personal Injury Action may be subject to coverage under the Debtor's liability insurance policies.   If insurance coverage applies, any damages awarded in the Personal Injury Action will be satisfied by the insurer, not from the Debtor's estate.   Courts have consistently held that when litigation is likely to be covered by insurance, the risk of prejudice to the Debtor's bankruptcy estate is minimal.   "Where the claim is one covered by insurance or indemnity, continuation of the action is to be permitted because hardship to the debtor is likely to be outweighed by hardship to plaintiff." *In re Phila. Athletic Club, Inc*., 9 B.R. 280, 280 (Bankr. E.D. Pa. 1981.)   "Numerous courts permit the automatic stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant." *In re Peterson*, 116 B.R. 247, 248 (D. Colo. 1990.)

In this instance, a primary insurance policy covers the Debtor and related debtors for these types of incidents, with a policy limit of $(unknown at this time) per claimant.   The policy also covers defense costs and fees.   There is adequate protection to the Debtor, the Personal Injury Action should be permitted to proceed to a jury trial in District Court.   The continuation of the litigation will primarily serve to determine the Debtor's liability and the amount of any covered damages without diminishing the Debtor's bankruptcy estate assets available to other creditors.

### 3.   Hardship to the Plaintiff Outweighs Any Burden on the Debtor.

"[T]he stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted.[Citation omitted]." *In re Rexene Prods*. Co., *supra* at 576.   "The second factor balances the hardship to Movants in continuing the stay with the hardship to the Debtor in lifting the stay. Here again, the court finds the equities greatly favor the Movants. The hardship to the Movants in denying relief is considerable, whereas the prejudice to the Debtors in denying relief, as discussed in the first prong, is very slight, if any." *Id* at 577.   Also, in *In re Hudgins*, 102 B.R. 495, 498 (Bankr. E.D. Va. 1989), the court held that the stay be lifted as to [Plaintiff] to allow her to continue her personal injury action against the debtor, reasoning that resolving the personal injury claim promptly would facilitate the debtor's financial reorganization.   The court also held that it lacked authority to determine venue for the personal injury litigation.

Further, "The mere cost of defense, however, is ordinarily considered an insufficient basis for denying relief from the stay." *Wiley v. Hartzler (in Re Wiley)*, 288 B.R. 818, 823 (B.A.P. 8th Cir. 2003).

Here, the Minor is a vulnerable party who has suffered substantial harm as a result of the wrongful death of his father.   Delaying the resolution of his claims due to the automatic stay exacerbates the prejudice to the Minor while offering no corresponding benefit to the Debtor's

bankruptcy estate.   The automatic stay can severely prejudice the Minor by delaying the resolution of the Personal Injury Action.   This will delay the financial relief, compound emotional trauma, and potentially deprive Minor of the compensation necessary for Minor's present and future needs.   Prolonged delays can complicate or jeopardize the Minor's ability to litigate the claim effectively, including potential difficulties in preserving evidence or ensuring witness availability.   Prolonged delays could deprive the Minor of vital support, including housing, food, clothing, and healthcare for an extended period.   Granting the relief from the automatic stay will serve the best interest of the Minor.

**4.   The Probability of Success on the Merits.**

While a final determination on the merits is reserved for the District Court, the Minor has a reasonable probability of success on the merits, meeting the standard necessary for relief from the automatic stay.   Courts have noted that the threshold for demonstrating a probability of success on the merits for purposes of lifting the stay is "very slight" and needs only to show that the claims are not frivolous or without factual foundation. *In re Rexene Prods. Co., supra* at 578.

The Minor meets this standard.   The Minor's claims, arising under 42 U.S.C. § 1983 and California Code of Civil Procedure §§ 377.20 and 377.60, are well-founded in both legal precedent and factual support.   The allegations in the Complaint in Intervention articulate specific instances of negligence and constitutional violations against the Debtor that directly caused the Decedent's death.   As such, the Debtor provided medical, psychiatric, nursing, medication, and health care to prisoners and detainees in Alameda County jails pursuant to a contract with Alameda County, including Santa Rita Jail.   The Debtor's failure to fulfill its duty to provide adequate care to the Decedent resulted in his preventable death.

On October 11, 2021, Decedent was detained by the County at Santa Rita Jail after a verbal

argument between Decedent and a bus driver.   The Decedent was arrested due to a bench warrant for failing to appear in court, a non-violent misdemeanor.   The Decedent's bail was set for $2,500. However, Decedent could not afford this amount, so he was forced to stay in jail for over a month. At the time of his detention, Decedent had well-documented medical conditions, including high blood pressure, diabetes, and schizophrenia, all of which required ongoing medication and monitoring.   As the contracted medical and mental health care provider for detainees, the Debtor was responsible for ensuring that detainees like the Decedent received appropriate and necessary medical care.   Shortly after the Decedent's incarceration, his sister, Elvira Monk, took proactive steps to notify the Debtor of his critical medical needs.   She contacted jail staff and directly provided them with the Decedent's medical records and documentation of his prescribed medications.   She even brought the medications to the jail, underscoring the urgency of his condition.   Despite these repeated efforts, the Debtor failed to administer the life-saving medications or provide any meaningful medical care to the Decedent.   Over more than a month, Decedent's health deteriorated while in custody.   On November 15, 2021, Decedent—a 45-year-old football coach—was found unresponsive in his cell.   He died as a result of the Debtor's egregious neglect and refusal to address his serious medical conditions.   The Debtor's failure to act on Decedent's known medical needs, despite being repeatedly informed and provided with all necessary documentation, directly led to his untimely and preventable death.

Thus, the claims against the Debtor are not speculative.   California Code of Civil Procedure §§ 377.20 *et seq*. and 377.60 *et seq*. provides a framework for wrongful death claims, offering remedies for survivors of individuals whose deaths are caused by another's wrongful acts or omissions.   Additionally, the 42 U.S.C. § 1983 claims assert violations of the Decedent's constitutionally protected rights, including the right to familial association.   Allowing the

litigation to proceed will provide the Plaintiff the opportunity to have these claims fully adjudicated without prejudicing the Debtor or the bankruptcy estate.   Accordingly, the probability of success on the merits further supports lifting the automatic stay to allow the continuation of the Personal Injury Action in the District Court.

## IV.
### CONCLUSION

The Minor has satisfied the legal standards for relief from the automatic stay under 11 U.S.C. § 362(d)(1).   The continuation of the Personal Injury Action in the District Court will not unduly prejudice the Debtor or the bankruptcy estate, particularly because any potential liability is likely subject to insurance coverage.   Conversely, maintaining the stay would impose significant hardship on the Plaintiff by delaying the resolution of critical claims for wrongful death and constitutional violations, matters that require the expertise of the District Court.   Moreover, the Plaintiff has demonstrated a reasonable probability of success on the merits, satisfying the minimal threshold required for lifting the stay.   Allowing the litigation to proceed promotes judicial economy, ensures that the claims are resolved in the proper forum, and aligns with the equitable principles underlying the Bankruptcy Code.

Therefore, the Minor, KYSE MONK through KANDI STEWART, respectfully requests the Court to grant the Plaintiff's Motion for Relief from Automatic Stay to Allow the Pending Personal Injury Claim against the Debtor to proceed in the District Court.

December 3, 2024

Respectfully submitted,

**LAW OFFICES OF JEROME A. CLAY**

/s/

JEROME A. CLAY, JR., ESQ.
*Pro Hac Vice*
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
Phone: (209) 603-9852
Fax: (510) 280-2841
jclay7@claylaw.net
*Attorney for Plaintiff*
KYSE MONK through KANDI STEWART

**CERTIFICATE OF CONFERENCE**
(Bankruptcy Local Rule 4001-1)

This is to certify that I have attempted to confer with the Debtor's Counsel, Marcus A. Helt, concerning this Motion but have been unable to establish contact with him.  Given the pressing time constraints, I am proceeding to file this Motion, assuming it may either be opposed or unopposed.

JEROME A. CLAY, JR., ESQ.
*Pro Hac Vice*
*Attorney for Plaintiff*
KYSE MONK through KANDI STEWART

CERTIFICATE OF SERVICE

This is to certify that on December 3, 2024, I caused a true and correct copy of the foregoing

document to be served upon the following via the Electronic Case Filing System for the United

States Bankruptcy Court for the Southern District of Texas, to wit:

Marcus A. Helt, Esq. (Texas Bar No.: 24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, TX 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
mhelt@mwe.com
*Attorney for Debtor*
WELLPATH HOLDINGS, INC.


Felicia Gerber Perlman, Esq. (*pro hac vice* admission pending)
fperlman@mwe.com
Bradley Thomas Giordano, Esq. (*pro hac vice* admission pending)
bgiordano@mwe.com
Jake Jumbeck, Esq. (*pro hac vice* admission pending)
jjumbeck@mwe.com
Carole Wurzelbacher, Esq. (*pro hac vice* admission pending)
cwurzelbacher@mwe.com
Carmen Dingman, Esq. (*pro hac vice* admission pending)
cdingman@mwe.com
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL 60606-0029
Tel: (312) 372-2000
Fax: (312) 984-7700


Steven Z. Szanzer, Esq. (*pro hac vice* admission pending)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 547-5400
Fax: (212) 547-5444
sszanzer@mwe.com
*Proposed Counsel for the Debtors and Debtors in Possession*

OMAR KABILJAGIC
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
(209) 603-9852
omark@claylaw.net