**Exhibit "A"**
(Complaint in Intervention)

| | |
|---|---|
| 1 | Jerome Anthony Clay, Jr., Esq. (SBN: 327175) |
| 2 | LAW OFFICES OF JEROME A. CLAY |
| 3 | 5250 Claremont Avenue, Suite 221 |
| 4 | Stockton, CA 95207 |
| 5 | Tel: (209) 603-9852 |
| 6 | Fax: (510) 280-2841 |
| 7 | jclay7@claylaw.net |
| 8 | Attorney for Plaintiff Intervenor |
| 9 | KYSE MONK through KANDI STEWART |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ESTATE OF MAURICE MONK, brought by personal representative, NIA'AMORE MONK; NIA'AMORE MONK, an individual | Case No.: 3:22-cv-04037-TSH |
| *Plaintiffs*, | **INTERVENOR'S COMPLAINT FOR DAMAGES** |
| | (Wrongful Death Claim) |
| KYSE MONK, a minor, through a guardian, KANDI STEWART, | |
| *Plaintiff Intervenor* | |
| vs. | |
| ALAMEDA COUNTY, a municipal corporation; WELLPATH COMMUNITY CARE, LLC, a corporation; and DOES 1-50, inclusive. | [DEMAND FOR JURY TRIAL] |
| *Defendants.* | |

Plaintiff Intervenor KYSE MONK (hereinafter referred to as "Minor"), through his guardian KANDI STEWART (hereinafter referred to as "Mother" or "Guardian"), files this Complaint in Intervention, as authorized by Federal Rule of Civil Procedure 24 against Defendants ALAMEDA COUNTY, a municipal corporation; WELLPATH COMMUNITY CARE, LLC, a corporation; and DOES 1-50, inclusive, and in support thereof, alleges as follows:

## INTRODUCTION

1. This claim arises from the wrongful death of MAURICE MONK (hereinafter referred to as "Decedent"), who was brought to Defendant Alameda County's Santa Rita Jail on October 11, 2021, after having a verbal disagreement for not wearing a mask on a bus and missing a court appearance for a minor, non-violent misdemeanor. Despite the Decedent's sister's efforts to alert Jail staff that he was under a doctor's care and taking a number of prescribed medications, the Jail's staff failed to provide the medications to him. Foreseeably, his health quickly deteriorated, and the staff's failure ultimately robbed Mr. Monk of his life and Plaintiff Intervenor Kyse Monk of his loving father.

2. Indeed, Jail Staff found the 45-year-old football coach lying unresponsive in the cell just over a month after he was initially brought to Santa Rita. This foreseeable yet readily preventable death was the result of Mr. Monk being denied adequate medical care despite his family's repeated efforts to ensure Jail staff gave him the medications he so desperately needed. In 2014, Mr. Monk became the 57th death at Santa Rita Jail. In fact, Mr. Monk was not even the only person to die that day at Santa Rita – adding another tally to the Jail's shameful record of outpacing every jail in the country for inmate deaths per capita.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter because the claims arise, in part, under Title 42 of the United States Code, Section 1983, and the Fourteenth Amendment to the Constitution of the United States of America and also because the conduct complained of occurred under color of state law.

Thus, this Court has jurisdiction over the deprivation of the Intervenor's Constitutional rights asserted in this matter. The venue is proper because the causes of action accrued in Dublin, California, Alameda County, which is within this judicial district.

## PARTIES

4. Decedent MAURICE MONK was an adult, who died intestate, unmarried, and was the biological father of Plaintiff NIA'AMORE MONK, a daughter, and Plaintiff Intervenor KYSE MONK, a minor son.

5. Plaintiff Intervenor KYSE MONK is a minor biological son of the Decedent, a resident of California and a citizen of the United States (hereinafter referred to as "Minor"). The Minor brings this wrongful death claim in intervention through his Mother, KANDI STEWART.

6. Defendant ALAMEDA COUNTY (hereinafter referred to as "COUNTY") is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the Alameda County Sheriff's Office and Santa Rita Jail. Defendant COUNTY is vicariously liable, pursuant to California Government Code §815.2, for the violation of rights by its employees and agents.

7. Defendant WELLPATH COMMUNITY CARE, LLC (hereinafter referred to as "WELLPATH") was a Delaware corporation licensed to do business in California. Defendant WELLPATH provided medical, psychiatric, nursing, medication, and health care to prisoners and detainees in Alameda County jails pursuant to a contract with Alameda County. On information and belief, WELLPATH and its employees and agents are responsible for making and enforcing policies, procedures, and training related to the medical care of prisoners and detainees in Defendant COUNTY's jails.

8. Plaintiff Intervenor is ignorant of the true name and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names.

1  DOES 1 through 50 are hereinafter referred to as "Defendant Jail Staff". Plaintiff Intervenor will amend this complaint to allege the true names and capacities of Defendant Jail Staff when ascertained.

9. Plaintiff Intervenor believes that Defendant Jail Staff is legally responsible and liable for the incident, injuries, and damages. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each Defendant is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon the agency, employment ownership, entrustment, custody, care or control, or upon any other act or omission.

## ORIGINAL LAWSUIT

10. Plaintiffs Nia'Amore Monk, individually and as a personal representative of the Decedent's Estate, filed the lawsuit pursuant to California Code of Civil Procedure §§ 377.20 and 377.60, which provide for the survival and wrongful death actions against Defendants COUNTY and WELLPATH. The wrongful death and survival claims survive the death of the Decedent, and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62. Plaintiffs also brought claims under 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil rights law. The Plaintiffs' First Amended Original Complaint seeks special and compensatory damages to be awarded to the Estate and to Plaintiff Nia'Amore Monk as an individual.

11. On February 9, 2022, the Plaintiffs filed a timely government claim with Defendant COUNTY, which was rejected by operation of law.

## INTERVENOR'S CLAIM

12. Plaintiff Intervenor is one of the heirs to the Decedent's Estate and has a right to inherit a portion of the Decedent's Estate. Under California state law, Cal. Civ. Proc. Code § 377.60, et seq., a wrongful death action allows the close family members of a deceased individual to bring an action to compensate them for their own losses as a result of the decedent's death, meaning that damages for pain

and suffering of the decedent. Therefore, being the heir of the Decedent, Plaintiff Intervenor's Claim is for the Decedent's wrongful death under federal and state law and joins in the Plaintiffs' claims as stated in their First Amended Original Complaint.

## FACTUAL ALLEGATIONS

13. On or about October 11, 2021, the Decedent was detained by Defendant COUNTY at Santa Rita Jail after police were called regarding a verbal argument between the Decedent and a bus driver. Mr. Monk was arrested after officers learned he had a bench warrant for failing to appear in court, a non-violent misdemeanor.

14. The bail was set in the Decedent's case for $2,500. As the Decedent and his family could not afford this amount, he was forced to stay in Santa Rita Jail for over a month.

15. Before his incarceration, Mr. Monk regularly took several prescribed medications for high blood pressure, diabetes, and schizophrenia.

16. Upon Mr. Monk's incarceration, his sister, Elvira Monk, contacted Defendant Jail Staff to inform them of Mr. Monk's medical needs. She provided medical records and paperwork showing his prescribed medications and even brought said medicines to the jail. However, Defendant Jail Staff rejected Elvira Monk's numerous attempts to get her brother the needed medication and instead sent her through a series of unnecessary bureaucratic processes. She repeatedly contacted Defendant Jail Staff and sent them medical documentation up until November 16, 2021—the day after Mr. Monk died—because they failed to advise her of her brother's passing.

17. As part of the prescribed treatment for his schizophrenia, Mr. Monk took regularly scheduled injections of the medication Halidol. He was scheduled for his next injection on or about November 9, 2021. Elvira Monk informed Defendant Jail staff of this fact, yet they did not attempt to provide Mr. Monk with his medically-necessary Halidol injection.

18. Further, Defendant Jail Staff did not provide the Decedent any of his prescribed medications for the entirety of his incarceration, which included time in a solitary cell, despite being aware that he needed them and that sudden cessation of the medications could cause significant health issues.

19. On the fateful evening of November 15, 2021, Mr. Monk was found unresponsive in his cell. Medical personnel tried to provide life-saving measures, but those efforts ultimately proved futile. Mr. Monk was pronounced dead later that night, 35 days after he was first brought to Santa Rita Jail.

20. Plaintiff Intervenor is informed and believes, and upon such information and belief, alleges that Mr. Monk died of heart and/or blood pressure complications caused by the Defendant Jail Staff's outright refusal to provide him any of the prescribed medications. This painted a bleak picture of Mr. Monk's time in the Santa Rita Jail when he was mentally tortured and physically compromised by the Defendants' unconstitutional medical care (or lack thereof).

21. As a direct and proximate result of each of the Defendants' acts or omissions, Plaintiff Intervenor has suffered the loss of his father, and he also suffered the loss of support, care, attention, protection, guidance, nurture, instruction, services, love, society, companionship, consortium, affection and loss of fringe benefits, which would have been given to him by his father.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment – Familial Loss under 42 U.S.C. Section 1983)**
*(Against All Defendants)*

22. Plaintiff Intervenor repeats, re-alleges, and incorporates by reference paragraphs 1–21 with the same force and effect as though fully set forth herein.

23. When Defendants unlawfully and without justification failed to give the prescribed medicines to the Decedent, as a result of which the Decedent died, the Defendants violated 42 U.S.C. §

1983 in depriving Plaintiff Intervenor of the well-settled constitutional rights protected by the Fourteenth Amendment of the United States Constitution, including, right to familial association.

24. Defendants were deliberately indifferent to Decedent's serious medical needs, thereby depriving Plaintiff Intervenor of his familial relationship with his father.

25. Defendants acted under color of state law and without due process of law, deprived Plaintiff of his right to a familial relationship with his father by deliberately failing to give the prescribed medicines to the Decedent, as a result of which the Decedent's died, which are in violations of his rights secured by the Fourteenth Amendment to the United States Constitution.

26. As a direct and proximate result of Defendants' acts and omissions, Plaintiff Intervenor sustained injuries and damages as set forth herein.

27. The conduct of Defendants DOES 1 through 50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of the Decedent, Plaintiff Intervenor, and the public. Plaintiff Intervenor is therefore entitled to an award of punitive damages and penalties allowable under 42 U.S.C. §1983.

**SECOND CAUSE OF ACTION**
**(Negligence & Wrongful Death)**
*(Against All Defendants)*

28. Plaintiff Intervenor repeats, re-alleges, and incorporates by reference paragraphs 1–21 with the same force and effect as though fully set forth herein.

29. At all times relevant to this Complaint, Defendants and each of them owed Plaintiff Intervenor and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

30. At all times relevant to this Complaint, Defendants and each of them owed Plaintiff Intervenor and Decedent the duty to act with reasonable care.

31. These general duties of reasonable care and due care owed to the Decedent and Plaintiff Intervenor by Defendants, and each of them includes but are not limited to the following specific obligations:

    a. To provide medical attention to Decedent's serious medical needs;

    b. To refrain from abusing the authority granted them by law;

    c. To refrain from violating Plaintiff Intervenor and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

32. Defendants, through their acts and omissions, breached the aforementioned duties.

33. Pursuant to Cal. Gov. Code section 815.2, Defendants COUNTY and WELLPATH are vicariously liable for the wrongful acts and omissions of its employees and agents.

34. A cause of action for wrongful death seeks to compensate the heirs of the decedent for the decedent's death. Damages in a wrongful death case can be monetary, e.g., the victim's lost income, or nonmonetary, e.g., a survivor's loss of companionship occasioned by the death.

35. As a direct and proximate result of each of the Defendants' acts or omissions, Plaintiff Intervenor has suffered the loss of his father, and he also suffered the loss of support, care, attention, protection, guidance, nurture, instruction, services, love, society, companionship, consortium, affection and loss of fringe benefits, which would have been given to him by his father.

36. As a direct and proximate result of the Defendants' negligence, Plaintiff Intervenor and Decedent sustained injuries and damages, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, and against each and every Defendant is entitled to relief as set forth herein.

## THIRD CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(Against All Defendants)*

37. Plaintiff Intervenor repeats, re-alleges, and incorporates by reference paragraphs 1–21 with the same force and effect as though fully set forth herein.

38. Plaintiff Intervenor brings this "Bane Act" claim for violation of his own rights.

39. When Defendants unlawfully and without justification failed to give the prescribed medicines to the Decedent, as a result of which the Decedent died, Defendants and each of them acted in concert/conspiracy. By doing so, Defendants and each of them violated Plaintiff Intervenor's rights provided under California Civil Code § 52.1 and the well-established rights of familial associated with his father as provided by First & Fourteenth Amendment to the United States Constitution and Article 1, § 13 of the California Constitution.

40. The Defendants' violations of duties and rights were deliberate, intentional, and done with reckless disregard for Plaintiff Intervenor's rights; none was accidental or merely negligent.

41. Defendants COUNTY & WELLPATH are vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents.

42. As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and Plaintiff Intervenor's rights under the United States and California Constitutions, Plaintiff Intervenor sustained injuries and damages, and is entitled to relief as set forth above, including punitive damages against Defendants DOES 1 through 50, including all damages allowed by Cal. Civ. Code §§ 52, 52.1, costs, attorneys' fees, treble damages, and civil penalties.

## DEMAND FOR JURY TRIAL

43. Plaintiff Intervenor hereby demands a jury trial in this action.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Intervenor prays for relief as follows:

i. For general damages in a sum to be proven at trial;

ii. For compensatory damages for loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support and loss of familial association and Pain and Suffering, including emotional distress;

iii. For special damages, including but not limited to past, present, and/or future wage loss, income and support, and other special damages in a sum to be determined according to proof;

iv. For exemplary damages against Defendants and each of them in a sum to be determined according to proof;

v. For punitive damages against Defendants DOES 1 through 50.

vi. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988; Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., and as otherwise may be allowed by California and/or federal law.

vii. Any and all permissible statutory damages;

viii. For the cost of suit herein incurred; and

ix. For such other and further relief as the Court deems just and proper.

February 8, 2023

Respectfully submitted,

/s/ Jerome A. Clay
JEROMY ANTHONY CLAY, JR, ESQ.
*Attorney for Plaintiff Intervenor*
KYSE MONK through KANDI STEWART

# PROOF OF SERVICE

I hereby certify that on February 12, 2023, I caused a true and correct copy of the foregoing document:

PLAINTIFF INTERVENOR'S COMPLAINT FOR DAMAGES

to be served upon the following via the eFiling system, to wit:

ADANTE POINTER, ESQ.
PATRICK MATTHEW BUELNA, ESQ.
TY CLARKE, ESQ.
Pointer & Buelna, LLP
Lawyers for the People
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: (510) 929-5400
apointer@lawyersftp.com
pbuelna@lawyersftp.com
tclarke@lawyersftp.com
*Attorneys for Plaintiffs*
ESTATE OF MAURICE MONK & NIA'AMORE MONK

GEORGE B. THOMAS, ESQ.
TEMITAYO O. PETERS, ESQ.
Burke Williams & Sorensen LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612-3520
Tel: (510) 273-8780
gthomas@bwslaw.com
tpeters@bwslaw.com
*Attorneys for Defendant*
ALAMEDA COUNTY

PAUL ANTHONY CARDINALE, ESQ.
Medical Defense Law Group
3800-Watt Avenue, Suite 245
Sacramento, CA 9521
Tel: (510) 244-9116
paul.cardinale@med-defenselaw.com
*Attorney for Defendant*
WELLPATH COMMUNITY CARE, LLC

At the time of service, I was at least 18 years of age.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ *[signature]*
OMAR KABILJAGIC
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
(209) 603-9852
omark@claylaw.net